IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,567-01






EX PARTE NORMAN LEE JOHNSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 1275320-A IN THE 263RD JUDICIAL DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to burglary of a
building, and was sentenced to four years' imprisonment. 

 Applicant contends that he is being improperly denied eligibility for release to mandatory
supervision. Applicant alleges that he was informed that he is ineligible for mandatory supervision
because of a prior aggravated robbery conviction from 1976 or 1977. Applicant alleges that he has
no such conviction, nor any other conviction for an offense that would render him ineligible for
mandatory supervision. Applicant has alleged facts that, if true, might entitle him to relief. Ex parte
Spann, 132 S.W.3d 390 (Tex. Crim. App. 2004). In these circumstances, additional facts are needed. 
As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is
the appropriate forum for findings of fact.

 The trial court shall order the Texas Department of Criminal Justice's Office of the General
Counsel to file an affidavit stating whether Applicant is serving a sentence for, or has previously
been convicted of an offense which was listed in Tex. Gov't Code § 508.149(a) at the time of his
conviction in this case, and if so, shall supplement the record with a copy of the judgment in that
case. 

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. Code Crim. Proc. art. 26.04.

 The trial court shall make findings of fact as to whether Applicant was serving a sentence for
or had been previously convicted of an offense listed in Tex. Gov't Code § 508.149(a) at the time
of his conviction in this case. If not, the trial court shall make findings as to whether Applicant is
considered ineligible for release on mandatory supervision, and why. The trial court shall also make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: November 2, 2011

Do not publish